**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

Southern District of New York

Case number (*If known*): 18-________ Chapter 15

☐ Check if this is an amended filing

Official Form 401

# Chapter 15 Petition for Recognition of a Foreign Proceeding

12/15

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write debtor's name and case number (if known).**

1. **Debtor's name** **Quintis Ltd. (Subject to Deed of Company Arrangement) (Receivers and Managers Appointed)**

2. **Debtor's unique identifier**

**For non-individual debtors:**

☐ Federal Employer Identification Number (EIN) __ __ – __ __ __ __ __ __ __

☑ Other ACN 092 200 854. Describe identifier Australian Company No.

**For individual debtors:**

☐ Social Security number: xxx – xx– __ __ __ __

☐ Individual Taxpayer Identification number (ITIN): 9 xx – xx – __ __ __ __

☐ Other ________. Describe identifier ________.

3. **Name of foreign representative(s)** Richard Tucker

4. **Foreign proceeding in which appointment of the foreign representative(s) occurred** Scheme of Arrangement under Corporations Act (Commonwealth of Australia)

5. **Nature of the foreign proceeding**

*Check one:*

☑ Foreign main proceeding
☐ Foreign nonmain proceeding
☐ Foreign main proceeding, or in the alternative foreign nonmain proceeding

6. **Evidence of the foreign proceeding**

☑ A certified copy, translated into English, of the decision commencing the foreign proceeding and appointing the foreign representative is attached.

☐ A certificate, translated into English, from the foreign court, affirming the existence of the foreign proceeding and of the appointment of the foreign representative, is attached.

☐ Other evidence of the existence of the foreign proceeding and of the appointment of the foreign representative is described below, and relevant documentation, translated into English, is attached.

7. **Is this the only foreign proceeding with respect to the debtor known to the foreign representative(s)?**

☐ No. (Attach a statement identifying each country in which a foreign proceeding by, regarding, or against the debtor is pending.)

☑ Yes

Debtor Quintis Ltd. Case number (if known) 18-

**8. Others entitled to notice**

Attach a list containing the names and addresses of:

(i) all persons or bodies authorized to administer foreign proceedings of the debtor,

(ii) all parties to litigation pending in the United States in which the debtor is a party at the time of filing of this petition, and

(iii) all entities against whom provisional relief is being sought under § 1519 of the Bankruptcy Code.

**9. Addresses**

**Country where the debtor has the center of its main interests:**

Australia

**Debtor's registered office:**

L2, 171-173 Mounts Bay Rd
Number Street

P.O. Box

Perth WA 6000
City State/Province/Region ZIP/Postal Code

Australia
Country

**Individual debtor's habitual residence:**

Number Street

P.O. Box

City State/Province/Region ZIP/Postal Code

Country

**Address of foreign representative(s):**

Level 10, 40 St Georges Terrace
Number Street

3185
P.O. Box

Perth WA 6000
City State/Province/Region ZIP/Postal Code

Australia
Country

**10. Debtor's website** (URL)

https://quintis.com.au/

**11. Type of debtor**

*Check one:*

☑ Non-individual (*check one*):

☑ Corporation. Attach a corporate ownership statement containing the information described in Fed. R. Bankr. P. 7007.1.

☐ Partnership

☐ Other. Specify: ______

☐ Individual

Debtor Quintis Ltd. Case number (*if known*) 18-

**12. Why is venue proper in *this district*?**

*Check one:*

- ☑ Debtor's principal place of business or principal assets in the United States are in this district.
- ☐ Debtor does not have a place of business or assets in the United States, but the following action or proceeding in a federal or state court is pending against the debtor in this district: ______________
- ☐ If neither box is checked, venue is consistent with the interests of justice and the convenience of the parties, having regard to the relief sought by the foreign representative, because:

**13. Signature of foreign representative(s)**

I request relief in accordance with chapter 15 of title 11, United States Code.

I am the foreign representative of a debtor in a foreign proceeding, the debtor is eligible for the relief sought in this petition, and I am authorized to file this petition.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct,

✘ /s/ Richard Tucker
Signature of foreign representative

Richard Tucker
Printed name

Executed on 09/12/2018
MM / DD / YYYY

✘ ______________
Signature of foreign representative

______________
Printed name

Executed on ______________
MM / DD / YYYY

**14. Signature of attorney**

✘ /s/ Aaron Javian
Signature of Attorney for foreign representative

Date 09/12/2018
MM / DD / YYYY

Aaron Javian
Printed name

Reed Smith LLP
Firm name

599 Lexington Avenue
Number Street

New York NY 10022
City State ZIP Code

(212) 521-5400
Contact phone

ajavian@reedsmith.com
Email address

4449625 NY
Bar number State

Aaron Javian
David Kazlow
REED SMITH LLP
599 Lexington Ave
New York, NY 10022
(212) 521-5400

*Counsel to the Foreign Representative*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 15 |
| Quintis Limited, | Case No. ____ |
| Debtor in a Foreign Proceeding. | |

## STATEMENT PURSUANT TO BANKRUPTCY RULE 1007(a)(4)

Richard Tucker, in his capacity as the duly authorized foreign representative (the "**Foreign Representative**") of Quintis Limited (Subject to Deed of Company Arrangement) (Receivers and Managers Appointed), in the above-captioned proceeding (the "**Foreign Debtor**"), that is the subject of proceedings (the "**Australian Proceedings**") in relation to the scheme of arrangement of the Foreign Debtor, by his United States attorneys, Reed Smith LLP, hereby submits this statement pursuant to Rule 1007(a)(4) of the Federal Rules of Bankruptcy Procedure.

## I. Corporate Ownership Statement (Fed. R. Bankr. P. 7007.1).

Frank Wilson and associated entities owns 12.52% of the Foreign Debtor's equity as of September 12, 2018 (the "**Petition Date**").

## II. Persons or Bodies Authorized to Administer Foreign Proceedings of the Foreign Debtor.

As of the Petition Date, each of Richard Tucker, Scott Langdon and Jennifer Nettleton of KordaMentha is authorized to act as a foreign representative to administer a "foreign proceeding" of the Foreign Debtor. The service address for the Foreign Debtor is L2, 171-173 Mounts Bay Rd, Perth Western Australia 6000, Australia.

## III. Pending Litigation.

The Foreign Representative is not aware of any litigation involving the Foreign Debtor currently pending in the United States.

## IV. Provisional Relief.

As of the Petition Date, the Foreign Debtor is not seeking any provisional relief.

New York, New York
Dated: September 12, 2018

Respectfully submitted,

/s/ Aaron Javian

Aaron Javian
David Kazlow
REED SMITH LLP
599 Lexington Avenue
New York, New York 10022
Telephone: (212) 521-5400

*Counsel to the Foreign Representative*



Federal Court of Australia

District Registry: New South Wales

Division: General

No: NSD1533/2018

**QUINTIS LIMITED** and others named in the schedule
Plaintiffs

**ORDER**

**JUDGE:** JUSTICE YATES

**DATE OF ORDER:** 04 September 2018

**WHERE MADE:** Sydney

**THE COURT ORDERS THAT:**

1. Pursuant to ss 411(1) and 1319 of the *Corporations Act 2001* (Cth) (**Act**):

(a) the plaintiffs convene a meeting of the holders of the 8.75% Senior Secured Notes issued pursuant to the terms of the Indenture by the first plaintiff on or around 27 July 2016 (**Scheme Creditors**) for the purpose of considering and, if thought fit, agreeing (with or without modification) to the scheme of arrangement proposed to be made between the plaintiffs and the Scheme Creditors (**Scheme**) being a scheme substantially in the form of that contained Schedule 2 to the explanatory statement (**Explanatory Statement**) which forms part of Exhibit SRF-1 as amended by Exhibit A and Exhibit B in the proceeding (**Scheme Meeting**).

(b) the Scheme Meeting be held on Thursday 27 September 2018 at 10am at the office of the solicitors for the plaintiffs, Allens, Level 28, 126 Phillip Street, Sydney NSW 2000;

(c) Shaun Robert Fraser, or failing him, Jason Preston, be appointed chairman of the Scheme Meeting;

(d) the chairman appointed to the Scheme Meeting have the power to adjourn the Scheme Meeting in his absolute discretion for such time as to such date as he considers appropriate;

SEAL OF THE FEDERAL COURT OF AUSTRALIA
AUSTRALIA

(e) the chairman may, at his absolute discretion, determine that only proxy forms and proofs of debt in relation to the Scheme Meeting received by the chairman by no later than 5pm on 25 September 2018, are valid;

(f) the chairman may rely on information provided to the plaintiffs as at 5pm on 20 September 2018 by the Bank of New York Mellon in its capacity as Indenture Trustee for the purposes of admitting or rejecting a proof of debt for the purpose of voting;

(g) the resolution to approve the Scheme at the Scheme Meeting be decided by way of poll;

(h) the following documents, which together form the **Scheme Meeting Materials**, are approved for distribution in the manner provided for in Order 2 of these orders:

(i) the Explanatory Statement and notice of meeting in relation to the Scheme substantially in the form of Exhibit SRF-1 as amended by Exhibit A and Exhibit B in the proceeding;

(ii) a voting proof of debt form and Proxy Form substantially in the form of the pro forma contained in Schedule 10 to the Explanatory Statement, which forms part of Exhibit SRF-1 in the proceeding (**Voting and Proxy Form**).

2. The plaintiffs dispatch to each Scheme Creditor an electronic copy of a document substantially in the form of the Scheme Meeting Materials by sending it to:

(a) all Scheme Creditors through the Depositary Trust Company as contemplated by the Indenture by the first plaintiff on around 27 July 2016; and

(b) to those Secured Creditors in the manner that those creditors have requested in the letter from Allens to the Receivers dated 31 August 2018.

3. The appointment of a person as a proxy must be by the instrument described as the Voting and Proxy Form which is contained in Schedule 10 to the Explanatory Statement in relation to the Scheme, which forms part of Exhibit SRF-1 to this proceedings.


4. The application of Division 75 of the *Insolvency Practice Rules (Corporations) 2016* (**IPR**) to the Scheme Meeting pursuant to r 2.15 of the *Federal Court (Corporations Rules) 2000* (Cth) (**Rules**) be modified in the following respects:

   (a) Division 75 of the IPR shall not apply to the Scheme Meeting, with the exception of the following rules in the IPR;

      (i) r 75-85(1);

      (ii) r 75-100(1), (2), (3);

      (iii) r 75-105(1)(b), (1)(c), (3);

      (iv) r 75-150(1),(2); and

      (v) r 75-155(1).

   (b) Rule 75-85(2) shall apply to the Scheme Meeting as modified to read: "*Subject to subsection (3), each creditor is entitled to vote and has one vote*".

   (c) Rule 75-85(3) shall apply to the Scheme Meeting as modified to read: "*A person is not entitled to vote as a creditor at a meeting of creditors unless his or her debt or claim has been admitted wholly or in part by the chairman of the meeting and he or she has lodged with the chairperson of the meeting, a formal proof of debt*".

   (d) Rule 75-100(4) shall apply to the Scheme Meeting as modified to read: "*A decision by the chairman to admit or reject a proof of debt or claim for the purposes of voting may be appealed against to this Court by an application filed with the Court within 48 hours of the decision, such appeal to be heard concurrently with the second court hearing*".

   (e) Rule 75-105(4) shall apply to the Scheme Meeting as modified to read: "*If within 30 minutes after the time appointed for a meeting a quorum is not present, or the meeting if not otherwise sufficiently constituted, the chairman may adjourn the meeting in his absolute discretion for such time and to such date as he considers appropriate*".

   (f) Rule 75-150(3) shall apply to the Scheme Meeting as modified to read: "*A person is not entitled to speak or vote as proxy at the meeting unless the instrument of appointment (or a copy of that instrument of appointment) has*


        *been given to the person named in the notice convening the meeting as the person who is to receive the instrument or with the chairman*".

(g) Rule 75-155(2) shall apply to the Scheme Meeting as modified to read: "*A person claiming to be to the attorney of a person entitled to attend and vote at a meeting is not entitled to speak or vote as attorney at the meeting unless: (a) the instrument by which the person was appointed attorney has been produced to the chairman; or (b) the chairman is otherwise satisfied that the person claiming to be the attorney of the person entitled to vote is the duly authorised attorney of that person*".

5. Richard Tucker, Scott Langdon and Jennifer Nettleton are each authorised as a "*foreign representative*" of the plaintiffs for the purposes of making an application to the United States Bankruptcy Court for recognition of the Scheme and ancillary relief under Chapter 15 of the United States Code, 11 U.S.C. §§ 101-1532.

6. The proceeding be adjourned to 10.15 am on 4 October 2018 before Justice Yates.

7. The plaintiffs have liberty to apply on two (2) days' notice.

Date that entry is stamped: 04 September 2018

Registrar



**Schedule**

No: NSD1533/2018

Federal Court of Australia

District Registry: New South Wales

Division: General

| | |
|---|---|
| Second Plaintiff | SANDALWOOD PROPERTIES LTD SUBJECT TO DEED OF COMPANY ARRANGEMENT RECEIVERS AND MANAGERS APPOINTED ACN 093 330 977 |
| Third Plaintiff | QUINTIS FORESTRY LIMITED SUBJECT TO DEED OF COMPANY ARRANGEMENT RECEIVERS AND MANAGERS APPOINTED ACN 080 139 966 |
| Fourth Plaintiff | QUINTIS LEASING PTY LTD SUBJECT TO DEED OF COMPANY ARRANGEMENT RECEIVERS AND MANAGERS APPOINTED ACN 080 978 721 |
| Fifth Plaintiff | ARWON FINANCE PTY LTD SUBJECT TO DEED OF COMPANY ARRANGEMENT RECEIVERS AND MANAGERS APPOINTED ACN 072 486 643 |
| Sixth Plaintiff | MT ROMANCE HOLDINGS PTY LTD SUBJECT TO DEED OF COMPANY ARRANGEMENT) (RECEIVERS AND MANAGERS APPOINTED ACN 115 659 606 |
| Seventh Plaintiff | MT ROMANCE AUSTRALIA PTY LTD SUBJECT TO DEED OF COMPANY ARRANGEMENT) (RECEIVERS AND MANAGERS APPOINTED ACN 060 122 698 |
| Eighth Plaintiff | AUSTRALIAN SANDALWOOD OIL CO. PTY LTD SUBJECT TO DEED OF COMPANY ARRANGEMENT RECEIVERS AND MANAGERS APPOINTED ACN 088 257 498 |