Aaron Javian
David Kazlow
REED SMITH LLP
599 Lexington Ave
New York, NY 10022
(212) 521-5400 (Tel)

*Counsel to the Foreign Representative*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | Chapter 15 |
| Quintis Limited, *et al.*,[1] | Case No. 18-12739 (MG) |
| Debtors in a Foreign Proceeding. |  |

**MOTION FOR ENTRY OF AN ORDER SCHEDULING A HEARING ON CHAPTER 15 PETITION FOR RECOGNITION AND SPECIFYING FORM AND MANNER OF SERVICE OF NOTICE**

Richard Tucker, in his capacity as the duly authorized foreign representative (the "**Foreign Representative**") of Quintis Limited (Subject to Deed of Company Arrangement) (Receivers and Managers Appointed) ("**Quintis**"), and certain of Quintis' subsidiaries (collectively, the "**Foreign Debtors**" or the "**Scheme Companies**"), which are the subject of proceedings (the "**Australian Proceeding**") in relation to the scheme of arrangement of the Foreign Debtors (the "**Scheme**") pursuant to the Corporations Act 2001 (Commonwealth of Australia) (the "**Corporations Act**") currently pending before Federal Court of Australia, New South Wales District Registry (in Sydney, Australia) (the "**Australian Court**"), respectfully submits this motion (the "**Motion**"), by his United States attorneys, Reed Smith LLP, for entry of

---

[1] The Foreign Debtors in these chapter 15 cases (the "**Chapter 15 Cases**") are Quintis, Sandalwood Properties Ltd, Quintis Forestry Limited, Quintis Leasing Pty Ltd, Arwon Finance Pty Ltd, Mt Romance Holdings Pty Ltd, Mt Romance Australia Pty Ltd and Australian Sandalwood Oil Co. Pty Ltd, each "(Subject to Deed of Company Arrangement) (Receivers and Managers Appointed)."

an order (i) scheduling a hearing on the relief sought in the *Verified Petition Under Chapter 15 for Recognition of a Foreign Main Proceeding and Related Relief* (the "**Verified Petition**") filed contemporaneously herewith, (ii) setting the deadline by which any responses or objections to the Verified Petition must be received, (iii) approving the form of Notice (as defined below) and (iv) specifying the form and manner of service of notice thereof. In support of this Motion, the Foreign Representative refers the Court to the following contemporaneously filed materials (a) the *Declaration of Richard Tucker in Support of Verified Petition under Chapter 15 for Recognition of a Foreign Main Proceeding and Related Relief* (the "**Tucker Declaration**") and (b) the *Declaration of James Marshall in Support of Verified Petition under Chapter 15 for Recognition of a Foreign Main Proceeding and Related Relief* (the "**Marshall Declaration**"). In further support of the relief requested herein, the Foreign Representative respectfully states as follows:[2]

## JURISDICTION AND VENUE

1. This case has been properly commenced under section 1504 of title 11 of the United States Code (the "**Bankruptcy Code**") by the filing of the Verified Petition for recognition of the Australian Proceeding under section 1515 of the Bankruptcy Code.

2. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the Southern District of New York dated as of January 31, 2012, Reference M-431, In re Standing Order of Reference Re: Title 11, 12 Misc. 00032 (S.D.N.Y. Feb. 1, 2012) (Preska, C.J.).

3. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

4. Venue is proper in this District pursuant to 28 U.S.C. § 1410.

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Verified Petition.

2

5.     The statutory predicates for the relief requested herein are sections 1514 and 1515 of the Bankruptcy Code and Rules 2002(l), 2002(m), 2002(p), 2002(q), 9006(c)(1) and 9007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and rules 2002-4 and 9013-1(a) of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**").

## **RELIEF REQUESTED**

6.     The Scheme represents the culmination of months of efforts of the Receivers, the holders of the Group's senior, secured notes (the "**Scheme Creditors**") and other stakeholders to enable the Group to emerge from insolvency as a privately-owned, recapitalized and well-funded going concern. The Scheme effects the transfer of Quintis' assets to a newly-formed entity that will act as intermediate parent of the Group and converts its senior, secured notes into new debt with a reduced principal amount and extended maturity date and equity in the Group's newly formed parent company. The Scheme, together with a deed of company arrangement that has been approved by requisite majorities of unsecured creditors, comprehensively restructures the Group's financial and other indebtedness.

7.     On August 23, 2018, the Foreign Debtors applied to the Australian Court for permission to convene a meeting of its creditors for the purpose of considering and approving the Scheme. The Australian Court considered that application at a convening hearing on September 4, 2018 and issued an order which, among other things: (i) ordered the convening of a meeting (the "**Scheme Meeting**") of the Scheme Creditors on September 27, 2018; (ii) ordered that notice of the Scheme, together with an explanatory statement and proxy forms for voting at the Scheme Meeting, be made available to the Scheme Creditors; and (iii) authorized the appointment of the Foreign Representative to act as a foreign representative in these Chapter 15 Cases.

3

8. Following the Scheme Meeting, and upon receiving the necessary votes in favor of the Scheme from the Scheme Creditors, the Australian Court will conduct a sanction hearing (the "**Sanction Hearing**") on October 4, 2018 and, if agreed by the Scheme Creditors at the Scheme Meeting, the Australian Court may enter an order finally approving the Scheme (the "**Sanction Order**").

9. The Scheme obligates the Scheme Administrators (as defined in the Scheme) to seek entry of an order recognizing and enforcing the Scheme in the United States under chapter 15 of the Bankruptcy Code after the Sanction Hearing. The Scheme contemplates that the Completion Date of the Scheme (i.e., the date upon which all transactions required to give effect to the Scheme are consummated and the Scheme Companies can emerge from administration and receivership proceedings) occur as soon as possible after the Sanction Order becomes effective and no later than five (5) business days thereafter. In light of these terms, the Foreign Representative wishes for the recognition hearing before this Court to coincide as closely as possible with the Sanction Hearing to avoid delays in the consummation of the transactions contemplated by the Scheme.

10. Accordingly, the Foreign Representative respectfully requests the entry of an order (the "**Notice Order**"), substantially in the form attached hereto as **Exhibit A**, (i) scheduling the date for the hearing to consider the relief sought in the Verified Petition no later than on or about October 10, 2018, or such other date as the Court's calendar permits (the "**Recognition Hearing**"), (ii) setting the deadline by which any responses or objections to the Verified Petition must be received by no later than 4:00 p.m. (prevailing Eastern Time) on October 3, 2018, or such other date as the Court deems proper under the circumstances (the "**Objection Deadline**"), (iii) approving the form of the notice of these Chapter 15 Cases, the

4

relief sought in the Verified Petition, the Objection Deadline and the Recognition Hearing (the "**Notice**") that is attached as <u>Exhibit 1</u> to the Notice Order, and (iv) approving the form and manner of service of the Notice described herein.

## **BASIS FOR RELIEF**

**A. The Proposed Recognition Hearing and Notice Procedures Comply with the Bankruptcy Code and Rules**

11. Bankruptcy Rule 2002(q)(1) provides that:

> …the debtor, all persons or bodies authorized to administer foreign proceedings of the debtor, all entities against whom provisional relief is being sought under § 1519 of the Code, all parties to litigation pending in the United States in which the debtor is a party at the time of the filing of the petition, and such other entities as the court may direct, [shall be given] at least 21 days' notice by mail of the hearing.

Fed. R. Bankr. P. 2002(q). Bankruptcy Rule 2002(q), however, does not specify the form and manner in which notice must be given. Pursuant to Bankruptcy Rules 2002(m) and 9007, when notice is to be given under the Bankruptcy Rules, the presiding court may designate the form and manner in which such notice shall be given. Fed. R. Bankr. P. 2002(m), 9007.

12. Pursuant to Bankruptcy Rule 2002(q), the Foreign Representative proposes to serve the Notice and the Verified Petition (together, the "**Notice Documents**") by electronic mail to the extent email addresses are available and by overnight mail or United States mail, first-class postage prepaid, upon the following parties: (a) the Foreign Debtors; (b) the Office of the United States Trustee; (c) Ashurst, Level 11, 5 Martin Place, Sydney NSW 2000, Australia (Attn: James Marshall), Australian counsel to the Foreign Representative; (d) Allens, Level 28, Deutsche Bank Place, 126 Phillip Street, Sydney NSW 2000, Australia (Attn: Chris Prestwich and Anna Schwartz), counsel to the Receivers; (e), Norton Rose Fulbright, Level 18, Grosvenor Place, 225 George Street, Sydney NSW 2000, Australia (Attn: Tim Mornane), counsel to the Original

5

Indenture Trustee; (f) Winston & Strawn LLP, MetLife Building, 200 Park Ave, New York, NY 10166 (Attn: Bart Pisella), counsel to the Incoming Indenture Trustee; and (g) such other parties in interest that have requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "**Notice Parties**"). The Foreign Representative also proposes to publish the Notice on the public website that the Foreign Debtors maintain to communicate information to interested parties regarding their administration and receivership proceedings:

https://quintis.com.au/corporate/plantation-investors/administration-and-receivership-news/.

13.  The Notice will notify the Notice Parties of the commencement of these Chapter 15 Cases, the relief sought in the Verified Petition, the Objection Deadline and the procedures for filing a response or objection to the Verified Petition. The Notice will also provide the electronic case filing ("**ECF**") website maintained by the federal judiciary where interested parties may view all pleadings.

14.  Because some of the Notice Parties may have foreign addresses, Bankruptcy Rule 2002(p) may be applicable. Bankruptcy Rule 2002(p) provides that the Office of the United States Trustee, a party in interest, or this Court may determine that supplemental notice is appropriate to ensure that parties with foreign addresses receive sufficient notice in a bankruptcy case. The Foreign Representative submits that the proposed form of notice procedures outlined herein provides sufficient notice and ample opportunity for any Notice Parties with foreign addresses to participate in these Chapter 15 Cases. This is particularly true because the Notice will be posted on the website maintained by the Foreign Debtors to communicate information regarding their administration and receivership proceedings to interested parties.

15.  The Foreign Representative submits that the form and manner of service of the Notice Documents requested herein constitutes adequate and sufficient notice of these Chapter

6

15 Cases, the relief sought in the Verified Petition, the Objection Deadline and the Recognition Hearing. Accordingly, the Foreign Representative respectfully requests that this Court approve the form and manner of service of the Notice for the Notice Parties.

16.   Additionally, if any party files a notice of appearance in these Chapter 15 Cases, the Foreign Representative proposes to serve the Notice Documents upon any such party within three (3) business days of filing such notice of appearance and service of such notice of appearance on the Foreign Debtors if such documents have not already been served on such party (or its counsel).

17.   Bankruptcy Rule 1011(b) provides, among other things, that a party objecting to a petition filed to commence an ancillary proceeding under chapter 15 of the Bankruptcy Code has 21 days from the date of service of the petition to respond to such petition.  However, Bankruptcy Rule 9006(c)(1) provides that "when an act is required or allowed to be done at or within a specified time by these rules or by a notice given thereunder or by order of the court, the court for cause shown may in its discretion with or without motion or notice order the period reduced." FED. R. BANKR. P. 9006(c)(1).

18.   As described above, because the Scheme obligates the Scheme Administrators to seek recognition and enforcement of the Scheme under chapter 15 of the Bankruptcy Code, the recognition hearing should be held as soon as possible following the Sanction Hearing to minimize any uncertainty regarding the Scheme Administrators' compliance with the Scheme prior to the Completion Date (as defined in the Scheme) and to avoid any delays in consummation of the restructuring.  Accordingly, the Foreign Representative respectfully submits that setting October 10, 2018, as the Recognition Hearing date and October 3, 2018, as the Objection Deadline to file a response or objection to the Verified Petition affords parties 21

7

days to respond to the Verified Petition in accordance with the Bankruptcy Rules and is appropriate.

### B.  Section 1514(c) is Not Applicable to This Case

19.  Section 1514(c) provides that "[w]hen a notification of commencement of a case is to be given to foreign creditors, such notification shall (1) indicate the time period for filing proofs of claim and specify the place for filing such proofs of claim; [and] (2) indicate whether secured creditors need to file proofs of claim . . . ." 11 U.S.C. § 1514(c).  Given that these are ancillary cases under chapter 15 and creditors will not be filing proofs of claim in the Chapter 15 Case, the Foreign Representative respectfully submits that section 1514 is inapplicable here. As explained in Collier on Bankruptcy, that section is the "last in a series of sections dealing with the international aspects of cases under chapters *other than chapter 15* that began with section 1511." 8 Collier on Bankruptcy ¶ 1514.01 (Alan N. Resnick & Henry J. Sommer eds., 16th ed.) (emphasis added).  For this reason, courts in this district often grant waivers of section 1514(c) in this context. *See, e.g., In re Blue Ocean Res. Pte. Ltd.*, Case No. 18-22806 (RDD) (Bankr. S.D.N.Y. June 6, 2018); *In re Avanti Commc'ns. Grp. Plc*, Case No. 18-10458 (MG) (Bankr. S.D.N.Y. Feb. 26, 2018); *In re Pac. Exploration & Prod. Corp.*, Case No. 16-11189 (JLG) (Bankr. S.D.N.Y. May 2, 2016).  To the extent section 1514(c) applies, the Foreign Representative respectfully requests that the requirements contained therein be waived.

### SATISFACTION OF LOCAL RULE BANKRUPTCY RULE 9013-1(A)

20.  The Motion includes citations to the applicable rules and statutory authorities upon which the relief requested herein is predicated, and a discussion of their application to the Motion. Accordingly, the Foreign Representative submits that the Motion satisfies Rule 9013-1(a) of the Local Bankruptcy Rules for the Southern District of New York.

8

**NOTICE**

21.     Notice of this Motion has been provided to: (a) the Foreign Debtors; (b) the Office of the United States Trustee; (c) Ashurst, Level 11, 5 Martin Place, Sydney NSW 2000, Australia (Attn: James Marshall), Australian counsel to the Foreign Representative; (d) Allens, Level 28, Deutsche Bank Place, 126 Phillip Street, Sydney NSW 2000, Australia (Attn: Chris Prestwich and Anna Schwartz), counsel to the Receivers; (e), Norton Rose Fulbright, Level 18, Grosvenor Place, 225 George Street, Sydney NSW 2000, Australia (Attn: Tim Mornane), counsel to the Original Indenture Trustee; (f) Winston & Strawn LLP, MetLife Building, 200 Park Ave, New York, NY 10166 (Attn: Bart Pisella), counsel to the Incoming Indenture Trustee; and (g) such other parties in interest that have requested notice pursuant to Bankruptcy Rule 2002. The Foreign Representative submits that no other or further notice of this Motion is necessary or required.

**NO PRIOR REQUEST**

22.     No prior request for the relief sought in this Motion has been made to this or any other court.

[*Remainder of page intentionally left blank.*]

WHEREFORE, for the reasons set forth herein, the Foreign Representative respectfully requests entry of an order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other and further relief as is just and proper.

New York, New York
Dated: September 12, 2018

                                                   Respectfully submitted,

                                                  /s/ Aaron Javian
                                                  Aaron Javian
                                                  David Kazlow
                                                  REED SMITH LLP
                                                  599 Lexington Avenue
                                                  New York, New York 10022
                                                  Telephone: (212) 521-5400

                                                  *Counsel to the Foreign Representative*

# EXHIBIT A

**Notice Order**

18-12739-mg    Doc 6    Filed 09/12/18    Entered 09/12/18 16:17:50    Main Document
Pg 11 of 19

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | ) Chapter 15 |
| Quintis Limited, *et al.*,[1] | ) Case No. 18-12739 (MG) |
| Debtors in a Foreign Proceeding. | ) |

### ORDER SCHEDULING HEARING ON CHAPTER 15 PETITION AND SPECIFYING FORM AND MANNER OF SERVICE OF NOTICE

Upon consideration of the motion (the "**Motion**")[2] of Richard Tucker, in his capacity as Foreign Representative of the above captioned debtors (collectively, the "**Foreign Debtors**"), requesting entry of an order (i) scheduling a hearing on the relief sought in the Verified Petition (the "**Hearing**"), (ii) setting the deadline by which any responses or objections to the Verified Petition must be received (the "**Objection Deadline**"), (iii) approving the form of Notice of the Chapter 15 Case that is attached hereto as **Exhibit 1** (the "**Notice**"), and (iv) approving the manner of service of the Notice described herein; and the Court having found that it has jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the Southern District of New York dated as of January 31, 2012, Reference M-431, In re Standing Order of Reference Re: Title 11, 12 Misc. 00032 (S.D.N.Y. Feb. 1, 2012) (Preska, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue of this proceeding being proper before the Court

---

[1] The Foreign Debtors in these chapter 15 cases (the "**Chapter 15 Cases**") are Quintis, Sandalwood Properties Ltd, Quintis Forestry Limited, Quintis Leasing Pty Ltd, Arwon Finance Pty Ltd, Mt Romance Holdings Pty Ltd, Mt Romance Australia Pty Ltd and Australian Sandalwood Oil Co. Pty Ltd, each "(Subject to Deed of Company Arrangement) (Receivers and Managers Appointed)."

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

pursuant to 28 U.S.C. § 1410; and the Court having determined that the relief requested in the Motion is necessary and beneficial to the Foreign Debtors; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted as set forth herein.

2. The Hearing to consider the relief sought in the Verified Petition shall be held before this Court in Room __ of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on [●], 2018 at [●]:[●] [●].m. (Eastern Time).

3. The form of Notice in substantially the form attached hereto as **Exhibit 1** is hereby approved.

4. Prior to serving the Notice or causing it to be served, the Foreign Representative may insert any missing dates and other information, correct any typographical errors, conform the provisions thereof to the provisions of this Order and make such other and further non-material, non-substantive changes as the Foreign Representative deems necessary or appropriate.

5. Copies of the Notice Documents shall be served by electronic mail to the extent email addresses are available and by overnight mail or United States mail, first-class postage prepaid, upon the following parties: (a) the Foreign Debtors; (b) the Office of the United States Trustee; (c) Ashurst, Level 11, 5 Martin Place, Sydney NSW 2000, Australia (Attn: James Marshall), Australian counsel to the Foreign Representative; (d) Allens, Level 28, Deutsche Bank Place, 126 Phillip Street, Sydney NSW 2000, Australia (Attn: Chris Prestwich and Anna Schwartz), counsel to the Receivers; (e), Norton Rose Fulbright, Level 18, Grosvenor Place, 225 George Street, Sydney NSW 2000, Australia (Attn: Tim Mornane), counsel to the Original

Indenture Trustee; (f) Winston & Strawn LLP, MetLife Building, 200 Park Ave, New York, NY 10166 (Attn: Bart Pisella), counsel to the Incoming Indenture Trustee; and (g) such other parties in interest that have requested notice pursuant to Bankruptcy Rule 2002, on or before [●], 2018 [●]:[●] [●].m. (Eastern Time). In addition, the Foreign Representative shall post the Notice on the Foreign Debtors' public website that they maintain to disseminate information regarding their administration and receivership proceedings.

6. The notice requirements set forth in section 1514(c) of the Bankruptcy Code are inapplicable in the context of this chapter 15 case or, to the extent applicable, are hereby waived.

7. In the event any party files a notice of appearance in the Chapter 15 Case subsequent to the Foreign Representative's initial service of the Notice Documents as provided for in this Order, the Foreign Representative will serve, or cause to be served on such party, the Notice Documents and any subsequent notices upon that party within three (3) business days of the filing of the notice of appearance, if such documents have not already been served on such party (or its counsel).

8. Subsequent notices shall be served in the form and manner set forth in this Order or as otherwise required by the Bankruptcy Code and Bankruptcy Rules.

9. Responses or objections to the Verified Petition and the relief requested therein must comply with the Bankruptcy Code, the Bankruptcy Rules and the Local Rules and shall be made in writing and set forth the basis therefor with specificity and the nature and extent of the respondent's claims against the Foreign Debtors. Such responses or objections must be filed electronically with the Court on the Court's electronic case filing system in accordance with and except as provided in General Order M-399 and the Court's Procedures for the Filing, Signing and Verification of Documents by Electronic Means (copies of each of which may be viewed on

3

the Court's website at http://www.nysb.uscourts.gov) and otherwise, on a compact disc (CD), preferably in Portable Document Format (PDF), Word or any other Windows-based word processing format, which CD shall be sent to the Office of the Clerk of the Court, One Bowling Green, New York, New York 10004-1408. A hard copy of any response or objection shall be sent to the Chambers of the Honorable ___, United States Bankruptcy Judge, and served upon counsel for the Foreign Representative, Reed Smith LLP, Lexington Avenue, New York, New York 10022 (Attention: Aaron Javian and David Kazlow), so as to be actually received on or before [●], 2018 at [●]:[●] [●].m. (Eastern Time).

10. Service of the Notice Documents in accordance with this Order is hereby approved as adequate and sufficient notice and service on all interested parties. Notice provided in accordance with this Order satisfies the requirements of the Bankruptcy Code and the Bankruptcy Rules, including Bankruptcy Rules 2002(l), (p) and (q). No other or further notice is required.

11. This Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

New York, New York
Dated: _____, 2018

_____
UNITED STATES BANKRUPTCY JUDGE

4

**Exhibit 1 to Notice Order**

**Notice**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re: | Chapter 15 |
| Quintis Limited *et al.*[1] | Case No. 18-12739 (MG) |
| Debtors in a Foreign Proceeding. |  |

**NOTICE OF FILING AND HEARING ON VERIFIED PETITION UNDER
CHAPTER 15 OF THE UNITED STATES BANKRUPTCY CODE**

**PLEASE TAKE NOTICE** that on September 12, 2018, Richard Tucker, the duly authorized foreign representative (the "**Foreign Representative**") of the above captioned debtors (the "**Foreign Debtors**"), which are the subject of proceedings (the "**Australian Proceeding**") in relation to the scheme of arrangement of the Foreign Debtors (the "**Scheme**") pursuant to the Corporations Act 2001 (Commonwealth of Australia) (the "**Corporations Act**") currently pending before Federal Court of Australia, New South Wales District Registry (in Sydney, Australia) (the "**Australian Court**"), filed the *Verified Petition Under Chapter 15 for Recognition of a Foreign Main Proceeding and Related Relief* (together with the Form of Voluntary Petitions filed concurrently herewith, the "**Verified Petition**"), pursuant to chapter 15 of title 11 of the United States Code (the "**Bankruptcy Code**"), with the United States Bankruptcy Court for the Southern District of New York (the "**Court**").

**PLEASE TAKE FURTHER NOTICE** that, among other things, the Verified Petition seeks the entry of an order (a) finding that (i) each of the Foreign Debtors is eligible to be a "debtor" under chapter 15 of the Bankruptcy Code, (ii) the Australian Proceeding is a "foreign main proceeding" within the meaning of section 1502 of the Bankruptcy Code, (iii) the Foreign Representative satisfies the requirements of a "foreign representative" under section 101(24) of the Bankruptcy Code, (iv) the Verified Petition was properly filed and meets the requirements of section 1515 of the Bankruptcy Code, (b) granting recognition of the Australian Proceeding as a foreign main proceeding under sections 1517 and 1520 of the Bankruptcy Code, and (c) granting certain additional relief under sections 1507 and 1521 of the Bankruptcy Code, including (i) giving full force and effect in the United States to the Scheme, including the recognition and enforcement of releases contained therein, (ii) permanently enjoining all parties from taking any action inconsistent with the restructuring effected by the Scheme and the Deed of Company Arrangement dated June 29, 2018, in the United States, (iii) waiving the 14-day stay of effectiveness of the Recognition Order, and (iv) granting related relief as proper under sections 1507 and 1521 of the Bankruptcy Code.

---

[1] The Foreign Debtors in these chapter 15 cases (the "**Chapter 15 Cases**") are Quintis, Sandalwood Properties Ltd, Quintis Forestry Limited, Quintis Leasing Pty Ltd, Arwon Finance Pty Ltd, Mt Romance Holdings Pty Ltd, Mt Romance Australia Pty Ltd and Australian Sandalwood Oil Co. Pty Ltd, each "(Subject to Deed of Company Arrangement) (Receivers and Managers Appointed)."

   **PLEASE TAKE FURTHER NOTICE** that the Court has scheduled a hearing (the "**Recognition Hearing**") to consider the relief requested in the Verified Petition for **[●]:[●] [●].m. (Eastern time) on [●], 2018** in Room ___ of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004.

   **PLEASE TAKE FURTHER NOTICE** copies of the Verified Petition and all documents filed in the Chapter 15 Case are available to parties-in-interest (i) on the Court's Electronic Case Filing System, which can be accessed from the Court's website at http://www.nysb.uscourts.gov (a PACER login and password are required to retrieve a document), or (ii) upon written request to the Foreign Representative's United States counsel addressed to: Reed Smith LLP, 599 Lexington Avenue, New York, NY 10022 (Attn: Aaron Javian and David Kazlow).

   **PLEASE TAKE FURTHER NOTICE** that any party-in-interest wishing to submit a response or objection to the Verified Petition or the relief requested therein must do so in writing and in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York, setting forth the basis therefor with specificity and the nature and extent of the respondent's claims against the Foreign Debtors. Such responses or objections must be filed electronically with the Court on the Court's electronic case filing system in accordance with and except as provided in General Order M-399 and the Court's Procedures for the Filing, Signing and Verification of Documents by Electronic Means (copies of each of which may be viewed on the Court's website at http://www.nysb.uscourts.gov) and otherwise, on a compact disc (CD), preferably in Portable Document Format (PDF), Microsoft Word, or any other Windows-based word processing format, which CD shall be sent to the Office of the Clerk of the Court, One Bowling Green, New York, New York 10004-1408. A hard copy of any response or objection shall be sent to the Chambers of the Honorable ___, United States Bankruptcy Judge, One Bowling Green, New York, New York 10004-1408 and served upon counsel for the Foreign Representative, Reed Smith LLP, 599 Lexington Avenue, New York, New York 10022 (Attn: Aaron Javian and David Kazlow), so as to be actually **received on or before** [●], 2018 at **[●]:[●] [●].m. (Eastern time)**.

   **PLEASE TAKE FURTHER NOTICE** that the hearings in this matter, including the Recognition Hearing, shall take place at the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004-1408.

   **PLEASE TAKE FURTHER NOTICE** that at such hearing the Court may order the scheduling of a case management conference to consider the efficient administration of these Chapter 15 Cases.

   **PLEASE TAKE FURTHER NOTICE** that all parties in interest opposed to the Verified Petition or the relief requested therein must appear at the Recognition Hearing at the time and place set forth above.

**PLEASE TAKE FURTHER NOTICE** that if no response or objection is timely filed and served as provided above, the Court may grant the relief requested in the Verified Petition without further notice or hearing.

**PLEASE TAKE FURTHER NOTICE** that the Recognition Hearing may be adjourned from time to time without further notice other than an announcement in open court, or a notice of adjournment filed with the Court, of the adjourned date or dates at the hearing or any other further adjourned hearing.

New York, New York
Dated: September 12, 2018

                                Respectfully submitted,

                                /s/ Aaron Javian
                                Aaron Javian
                                David Kazlow
                                REED SMITH LLP
                                599 Lexington Avenue
                                New York, New York 10022
                                Telephone: (212) 521-5400

                                *Counsel to the Foreign Representative*

3